# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GENERAL CASUALTY INSURANCE CO. OF WISCONSIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PENN-CO CONSTRUCTION, INC.,<br><br>　　　　Defendant. | No. C03-2031-MWB<br><br>**ORDER** |

　　　　This matter is before the court on motion (Doc. No. 74) of the plaintiff General Casualty Insurance Co. of Wisconsin (General Casualty) to strike Count Four of the Amended Answer and Counterclaim filed by the defendant Penn-Co Construction, Inc. ("Penn-Co"). In Penn-Co's amended counterclaim, filed July 1, 2005 (Doc. No. 73), Penn-Co included a new Count Four, in which Penn-Co seeks attorney's fees and costs incurred in this action. Penn-Co argues, "General Casualty's positions taken in this action are frivolous, vexatious and were asserted for an improper purpose," entitling Penn-Co to recover its fees and costs.

　　　　In the present motion, General Casualty seeks an order striking Penn-Co's Count Four. General Casualty argues Penn-Co has never raised a claim of bad faith or vexatious conduct during the two years this litigation has been ongoing, and Penn-Co's delay in raising such a claim is prejudicial to General Casualty. Further, given Chief Judge Mark W. Bennett's lengthy opinion on the parties' cross motions for summary judgment, in which Chief Judge Bennett identified "numerous genuine issues of material fact for trial,"

General Casualty argues Penn-Co has no factual or legal basis for its claim that this action was brought in bad faith or vexatiously.  (*See* Doc. No. 74-1 at pp. 1-2)

General Casualty bases its motion on Federal Rule of Civil Procedure 12(f), which allows the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  General Casualty argues, in its brief, that Penn-Co's Count Four states an insufficient defense, and further, that allowing Penn-Co "to plead a clearly insufficient and 'scandalous' claim of 'vexatious conduct' now would unfairly prejudice General Casualty."  (Doc. No. 74-2 at pp. 2-4) General Casualty asserts the court's prior rulings have made it clear that genuine issues of disputed fact exist, and therefore Penn-Co cannot possibly establish that General Casualty brought this action in bad faith, vexatiously, wantonly, or for oppressive reasons.  On the issue of prejudice, General Casualty claims Penn-Co's new allegations "detract from the dignity of the Court," and General Casualty would be required to conduct additional discovery to respond to the new allegations.

Penn-Co argues Count Four asserts neither an insufficient defense nor a "scandalous" matter that should be stricken under Rule 12(f).  Penn-Co argues General Casualty has not presented any evidence to support its assertion that Count Four is insufficient as a matter of law, or that Count Four fails to present a question of law or fact that should be heard by the court.  Penn-Co claims General Casualty's conduct has been "overly litigious" and outrageous, and the presence of issues of disputed fact regarding General Casualty's obligations to Penn-Co supports Penn-Co's position that Count Four should proceed to trial.  Penn-Co further asserts General Casualty will not be prejudiced by allowing Count Four to proceed to trial because Penn-Co has asserted repeatedly during this litigation that it should be entitled to recover its attorney fees based on General Casualty's refusal to act in accordance with Penn-Co's interpretation of the

insurance contract in question. Penn-Co also argues that even if it had not repeatedly sought recovery of its attorney fees in this action, General Casualty still would be unable to demonstrate any prejudice because Penn-Co has "always asserted" to General Casualty that Penn-Co is entitled to recover its fees and costs. (*See* Doc. No. 79-1)

The court has considerable discretion in ruling on a Rule 12(f) motion to strike. *Nationwide Ins. Co. v. Central Missouri Elec. Coop., Inc.,* 278 F.3d 742 (8th Cir. 2001); *accord Nelson v. Long Lines, Ltd.,* No. C02-4083-MWB, 2003 WL 21356081 (N.D. Iowa, June 11, 2003) (Bennett, C.J.). Ordinarily, a motion to strike should be granted when doing so will make trial of the action less complicated or otherwise streamline the ultimate resolution of the action. *Nelson* at *3 (citing *United States v. Dico, Inc.,* 189 F.R.D. 536 (S.D. Iowa 1999). However, "striking a party's pleadings or striking identified paragraphs in a party's pleadings, is an extreme measure, and, as a result, the Eighth Circuit has also found that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Id.* (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977) (further citations omitted).

In the present case, the court is unable, on the present record, to find that Penn-Co's attempt to raise a claim for attorney fees and costs based on General Casualty's conduct is clearly insufficient, irrelevant, or frivolous. Further, the court finds General Casualty has not demonstrated it will be prejudiced in any material way by allowing the claim to remain. In so holding, the court finds it significant that the trial of this case will be a bench trial, and Chief Judge Bennett will have no difficulty considering, and deciding the merits of, Penn-Co's claim at the time of trial.

Therefore, the motion to strike Count Four is **denied**.

**IT IS SO ORDERED.**

**DATED** this 29th day of July, 2005.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT